**CATERPILLAR OVERSEAS, S.A.,**
Plaintiff,

v.

**S/S HAVTROLL, her engines, etc., et al.,**
Defendants.

No. 71 Civ. 642.

United States District Court,
S. D. New York.

Nov. 16, 1971.

Yorkston W. Grist, New York City, for plaintiff by Harold Kingsley, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendants by Hollis M. Walker, Jr., and Richard Corwin, New York City, of counsel.

## OPINION

POLLACK, District Judge.

The decision of the Court is as follows:

This is an admiralty and maritime claim based on cargo damage and is, therefore, within the jurisdiction of this Court.

The plaintiff is a corporation with offices and places of business in Illinois and Grimbergen, Belgium. Its parent organization, Caterpillar Tractor Company, has its plant in Illinois. They will be referred to hereafter as Caterpillar.

Defendant P. Meyer is a foreign individual and defendant A/S Havtor is a foreign corporation.

Defendants P. Meyer and A/S Havtor operate the S/S Havtroll, which is a foreign flag ocean going vessel. Defendants P. Meyer and A/S Havtor are doing business as a common carrier of merchandise under the name "Meyer Line."

Boyd, Weir & Sewell, Inc., are general agents for the defendants P. Meyer and A/S Havtor (Meyer Line).

Wedemann & Godnecht, Incorporated, Wedemann hereafter, was the freight forwarder and is the agent of plaintiff Caterpillar in connection with the cargo in suit.

The parties hereto operated under a plan whereby Wedemann was in charge of cargo shipped from Illinois into the New York area by railroad and destined for overseas. During the transit of the cargo from the railroad yards to the pier Wedemann issued instructions to the trucker who hauled the cargo from the yard to the pier. The trucker was jointly selected by the plaintiff and the defendant. Wedemann prepared the dock receipts and bills of lading required for the shipments. It was agreed that the trucker's delivery charge was to be advanced by Meyer Line and invoiced by it to the Caterpillar Tractor Company for the actual amount of the charge.

On September 4, 1969, a shipment from Caterpillar of cartons containing road machinery parts and other items was delivered in a damaged container to the defendant's pier in Brooklyn, New York, for carriage by the defendant to Antwerp, Belgium, to be delivered to Caterpillar there. The cargo was shipped by Caterpillar from Illinois to Jersey City, New Jersey, via Erie Lackawanna Railroad, there to be picked up by trailer truck to be transported to the defendant's pier in Brooklyn, New York.

On September 3 and September 4 unusually heavy rains occurred in the New Jersey areas. The cargo was picked up by the selected trucker, but its trailer truck met with an accident and overturned in the railroad yards damaging the container and causing a number of the cartons to become wet in the pools of water that had formed as a result of the heavy rains.

The plaintiff was immediately notified by Wedemann, as well as by the defendant's representative, of the accident.

The container was then transported in its damaged condition to a covered shed on the defendant's pier in Brooklyn and thereafter repacked in a sound container. In this repacking process it was determined that fourteen cartons had become wet from fresh water.

When so notified, Caterpillar instructed that the entire cargo go forward nonetheless to its destination in Antwerp, Belgium, to the plaintiff's representative there.

On arrival in Europe, a survey was made of the cargo and its damage and a figure was reported to the parties by the surveyors as the amount of damage to the cargo. The exact amount is not agreed on by the parties to the suit.

The present suit is against the ship on the theory that the damage occurred while the cargo was in the custody or control of the defendant and on the

claim that the trucker was the defendant's agent and any damage to the cargo occurring while in the trucker's custody is to be attributed to the defendant.

The evidence convincingly establishes that Wedemann in charge of this cargo during its transit from the Erie Lackawanna Railroad yard in New Jersey to the pier in Brooklyn and during the period in which the accident and damage to the original container occurred which resulted in the wetting of the cartons. The trucker was a firm designated by both the plaintiff and the defendant jointly as the trucker to be used in the transfer. But it was Wedemann, the plaintiff's agent, who issued the instructions to the trucker and who supervised the trucker's movements from the railroad yard to the pier, issuing written instructions to the trucker and preparing dock receipts and ultimately the ocean bill of lading.

The cost of the truck transfer from the railroad to the pier was advanced by the defendant and paid ultimately by Caterpillar.

A clean bill of lading prepared by Wedemann was signed by the ship. However, before this was submitted to the ship for signature, the plaintiff's freight forwarder had learned of the accident and damage to the container and had reported it to the plaintiff before the shipment was delivered to the pier from the railroad yard, as well as before the ship sailed. When the goods were transferred from the damaged to a sound sealed container it was discovered that fourteen of the cartons were wet and this fact was also made known to the plaintiff.

■■ The law is that the presumption of soundness of the goods received arising from a clean bill of lading containing no exceptions is a rebuttable presumption. The proof satisfactorily indicates that the plaintiff was aware of the accident and of the damage and then later of the effect of the accident on the cargo, namely, that fourteen cartons were damaged by wetness occasioned prior to the arrival of the cartons at the ship's pier.

There is no estoppel operative here because the plaintiff did not change its position or furnish any value in reliance on the clean bill of lading. Indeed, it knew all that had to be known to destroy any notion of estoppel arising by reason of the form of the bill of lading prepared by its agent, Wedemann. The bill of lading was not negotiated to anyone by plaintiff and was not paid for.

■ The plaintiff has failed to sustain its burden of proof by credible evidence. The testimony, documents and circumstances convincingly establish that the damage was not caused by the ship or any agents or an employee of the ship and occurred while the cargo was under the supervision and instruction of the freight forwarder agent of the plaintiff; that the ship did not have custody or control of the container in which the cargo was encased when the accident occurred; that the wetting occurred before delivery of the cargo to the custody or control of the ship and resulted from the accident in which the trailer truck overturned; and that this accident damaged the container and exposed its contents to several inches of water which accumulated from the heavy rains that occurred on the day before and the day in question.

Accordingly, the complaint is dismissed on the merits with costs to the defendant.

The foregoing shall constitute the findings of fact and the conclusions of law required by Rule 52(a), F.R.Civ.P.

So ordered.